# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Margaret Patterson Edmunds, ) | |
| ) | Civil Action No. 4:19-cv-01710-JMC |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 6), filed on June 17, 2019. The Magistrate Judge recommends that Plaintiff Margaret Patterson Edmunds' Motion for Leave to Proceed *in forma pauperis* be denied and, upon adoption of the Report, the court should order Plaintiff to pay the full filing fee within fourteen (14) days of the order. (ECF No. 6.) For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 6) and **DENIES** Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 3).[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 6.) As a brief background, Plaintiff filed her Complaint against the Commissioner of the Social Security Administration ("Commissioner") on June 14, 2019. (ECF No. 1.) On the same day, Plaintiff also filed a Motion for Leave to Proceed *in forma*

---

[1] On June 28, 2019, after the Magistrate Judge filed this Report, the court received Plaintiff's filing fee. (ECF No. 7.) Subsequently, on July 1, 2019, the court terminated Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (ECF No. 9.) Because Plaintiff has complied with the filing fee requirement, and the court has terminated Plaintiff's Application to Proceed Without Prepayment of Fees, this court does not order Plaintiff to pay the full filing fee.

*pauperis*. (ECF No. 3.)

The Magistrate Judge filed his Report on June 17, 2019. (ECF No. 6.) Within the Report, the Magistrate Judge discussed the sole issue of whether Plaintiff should be required to pay the filing fee, or whether her financial condition justified waiver of the filing fee. (*Id.* at 1.) The Magistrate Judge recommended that the court deny Plaintiff's Motion for Leave to Proceed *in forma pauperis* and order Plaintiff to pay the filing fee in full within fourteen (14) days of the order. (*Id.* at 3.) The Magistrate Judge found that Plaintiff's payment of the filing fee would not cause her undue hardship, thus effectively barring her from federal courts, nor would Plaintiff's payment of the filing fee "render her destitute." (*Id.* at 2-3.)

In addition to providing the court with his recommendation, the Magistrate Judge advised both parties of their rights to file specific objections to the Report. (*Id.* at 4.) Neither party has filed an objection.

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with this court. *Id.* at 271. The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *See Diamond v. Colonial Life and Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in

a party's waiver of the right to appeal from the judgment of the district court based upon such recommendation. *See* 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140 (1985). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

The parties were advised of their right to file objections to the Report on June 17, 2019. (ECF No. 6 at 4). Objections to the Report were due by July 1, 2019, pursuant to Fed. R. Civ. P. 72(b) and Fed. R. Civ. P. 6(a). (ECF No. 6 at 4.) However, objections to the Report were due by July 5, 2019, if the parties were served by mail or otherwise allowed under Fed. R. Civ. P. 6(d). (ECF No. 6 at 4.) Neither Petitioner nor Respondent filed an objection. In the absence of specific objections, the court is not required to give any explanation for adopting the Report and must only discern whether the record contains clear error. *See Camby*, 718 F.2d at 199; *Diamond*, 416 F.3d at 315. Because specific objections were not filed by either party and the Report does not contain clear error, the court adopts the Magistrate Judge's recommendation.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 6) and **DENIES** Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 3).

**IT IS SO ORDERED.**

United States District Judge

September 20, 2019
Columbia, South Carolina